ALEXANDER B. CVITAN (SBN 81746),
E-Mail: alc@rac-law.com
J. DAVID SACKMAN (SBN 106703)
E-Mail: jds@rac-law.com
MARSHA M. HAMASAKI (SBN 102720), and
E-Mail: marshah@rac-law.com
PETER A. HUTCHINSON (SBN 225399)
E-Mail: peterh@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
330 N. Brand Blvd., Suite 250
Glendale, CA 91203
Telephone: (213) 386-3860;  Facsimile: (2l3) 386-5583

Attorneys for Construction Laborers Trust Funds for Southern California Administrative Company, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>D T S ENTERPRISE, INC., a California corporation also known as and doing business as D T S CONCRETE; LESLIE DAIN SORG, an individual; SURETEC INSURANCE COMPANY, a Texas corporation; QUALITY DEVELOPMENT AND CONSTRUCTION, INC., a California corporation; DOE 1 THROUGH DOE 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | CASE NO.: 5:22-cv-00867-JGB-KK<br><br>[~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>[Fed. R. Civ. P. 5.2 and 26(c)]<br><br>Discovery Cut-Off: June 26, 2023<br><br>Pre-Trial Conference: October 30, 2023<br><br>Trial Date: November 14, 2023<br><br>[Hon. Kenly Kiya Kato]<br><br>**[NOTE CHANGES MADE BY COURT]** |

493602v1

WHEREFORE, Plaintiff, Construction Laborers Trust Funds for Southern California Administrative Company, LLC and Defendant D T S Enterprise, Inc., have stipulated in writing to protect certain personal and proprietary information from improper disclosure; and

WHEREFORE the aforementioned stipulation as revised by the Court is memorialized and attached hereto as Exhibit "A" (the "Stipulation"); and

GOOD CAUSE APPEARING, the Stipulation is hereby approved, and entered as an Order of the Court.

IT IS SO ORDERED.

DATED: May 2, 2023

_____
Hon. Kenly Kiya Kato
UNITED STATES MAGISTRATE JUDGE

493602v1

# EXHIBIT A

493602v1

ALEXANDER B. CVITAN (SBN 81746),
E-Mail: alc@rac-law.com
J. DAVID SACKMAN (SBN 106703)
E-Mail: jds@rac-law.com
MARSHA M. HAMASAKI (SBN 102720), and
E-Mail: marshah@rac-law.com
PETER A. HUTCHINSON (SBN 225399)
E-Mail: peterh@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
330 N. Brand Blvd., Suite 250
Glendale, CA 91203
Telephone: (213) 386-3860;  Facsimile: (2l3) 386-5583

Attorneys for Construction Laborers Trust Funds for
Southern California Administrative Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>D T S ENTERPRISE, INC., a California corporation also known as and doing business as D T S CONCRETE; LESLIE DAIN SORG, an individual; SURETEC INSURANCE COMPANY, a Texas corporation; QUALITY DEVELOPMENT AND CONSTRUCTION, INC., a California corporation; DOE 1 THROUGH DOE 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | CASE NO.: 5:22-cv-00867-JGB-KK<br><br>STIPULATED PROTECTIVE ORDER<br>[Fed. R. Civ. P. 5.2 and 26(c)]<br><br>Discovery Cut-Off:<br>June 26, 2023<br><br>Pre-Trial Conference:<br>October 30, 2023<br><br>Trial Date:<br>November 14, 2023<br><br>[Hon. Kenly Kiya Kato]<br><br>**NOTE CHANGES MADE BY COURT** |

493236v6

# PURPOSE AND LIMITATIONS

Pursuant to Local Rule 7-3, counsel for Plaintiff Construction Laborers Trust Funds (CLTF) and Defendant D T S Enterprise, Inc. (DTS), as well as all other defendants, have met and conferred regarding Plaintiff's proposed motion for, *inter alia*, an Interlocutory Order Compelling an Audit, as in <u>Central States, SE. & SW. Areas Pension Fund v. Central Transp., Inc. (Central States)</u>, 472 U.S. 559, 105 S. Ct. 2833, 86 L. Ed. 2d 447 (1985). While the Parties did not (yet) arrive at a resolution to avoid the motion, they did agree to enter into this Stipulation for a Protective Order to cover the audit of DTS's records which have been, or may be ordered by the Court, for voluntary compliance with the audit sought, as well as all discovery and disclosures in this case. The Supreme Court has approved of similar protective measures in <u>Central States</u>, 472 U.S. 559, 564 n. 5 and 559 n. 23. The Sample Stipulated Protective Order of this Court does not address the unique needs of this type of audit, as described below. Rather, this Stipulated Protective Order is based on the one used in <u>Constr. Laborers Tr. Funds for S. California Admin. Co. v. Ground Serv. Tech., Inc. (GST),</u> No. CV 13-414 DMG (JEMX), 2014 WL 12561599, at *8 (C.D. Cal. Feb. 14, 2014) (noting that, if the employer "identifies legitimate reasons justifying limits on Plaintiff's audit, the Court will consider them in the event the parties cannot reach a mutual agreement as to items which should be subject to a protective order approved by the Magistrate Judge.")

# GOOD CAUSE STATEMENT

1. Plaintiff, CLTF is a fiduciary and agent for collection to certain employee benefit plans ("TRUST FUNDS") governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et. seq.*.

2. The Court issued its Order Granting Plaintiff's Motion to Compel

493236v6

Defendant D T S Enterprise Inc. to produce documents in response to Plaintiff's First Set of Requests for Production of Documents Nos. 1-18 [docket no. 46] requiring Defendant, D T S ENTERPRISE INC. ("DTS") to allow access to its records regarding its work, as more fully stated in that Order. In its Second Claim for Relief, Plaintiff seeks a full audit of DTS' records. If not provided voluntarily, Plaintiff may seek partial summary judgment as to that claim, with an Interlocutory Order Compelling Audit, as in <u>GST</u>, *supra*.

3. DTS is concerned about disclosure, in such audit, whether voluntary or compelled, of the personal information of employees (past and present), including names, addresses, social security numbers, phone numbers, and or any other information as to those employees who are not beneficiaries or participants of the TRUST FUNDS which is protected by law from public disclosure or unauthorized used ("PERSONAL INFORMATION"). The handling of PERSONAL INFORMATION, shall be governed by this Stipulated Protective Order.

4. It is recognized that Plaintiff has certain obligations under ERISA and regulations thereunder to maintain the privacy of PERSONAL INFORMATION. At the same time, such information may be relevant to this lawsuit, or included in relevant material.

5. DTS contends, among other things, that certain documents requested by TRUST FUNDS include DTS's personal private financial information and that information should be protected from disclosure to third parties and/or if deemed necessary for submission to the Court as evidence should be protected from public disclosure ("PROPRIETARY INFORMATION"). Without necessarily agreeing with this characterization, Plaintiff agrees to observe the following safeguards as to information designated as PROPRIETARY INFORMATION.

/ / /

493236v6

STIPULATED PROTECTIVE ORDER

6. The following rules will apply to both PERSONAL or PROPRIETARY INFORMATION:

 a. PERSONAL or PROPRIETARY INFORMATION which is included within a voluntary audit, disclosures or discovery, shall not be withheld or redacted from the party to whom the disclosure is made or requesting discovery. However, the party producing such disclosures or discovery shall notify the party receiving them, that PERSONAL or PROPRIETARY INFORMATION is included, and this Protective Order applies. Such notice shall be in writing, and shall specify with particularity the portions of the records so designated.

 b. Any document containing PERSONAL or PROPRIETARY INFORMATION shall be subject to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 5.2, and by the orders of the trial judge. **Any use of protected material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.** In accordance with the aforementioned, such documents shall not be filed with this, or any other Court, or be produced as exhibits at trial, unless either:

  i. Such documents are redacted to remove the PERSONAL or PROPRIETARY INFORMATION from view; OR

  ii. Such documents are filed under seal with the Court in strict compliance with Local Rule 79-5; ~~OR~~

  iii. ~~Such documents are introduced at trial subject to an order that any jury or other finder of fact (other than the Court or Court personnel) is instructed by the Court, and agrees, to maintain the privacy of the~~

493236v6

1  ~~PERSONAL or PROPIETARY INFORMATION.~~

  c. If a party's request to file PERSONAL or PROPRIETARY INFORMATION under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

7. The following rules will apply to the handling of PERSONAL INFORMATION:

  a. It is recognized that the TRUST FUNDS have existing legal obligations to preserve the privacy of PERSONAL INFORMATION. The TRUST FUNDS acknowledge that this shall apply to all PERSONAL INFORMATION, regardless of whether it is ultimately determined that the individuals involved are participants or beneficiaries of any of the TRUST FUNDS. CLTF and the TRUST FUNDS shall use the PERSONAL INFORMATION solely for the purposes of this lawsuit, and to fulfill their duties and obligations in administering the TRUST FUNDS, as well as any obligations to report or disclose information to government agencies, or other disclosures required by law.

  b. After the final conclusion of this lawsuit (including any appeals), any PERSONAL INFORMATION relating to individuals who it is finally determined are not participants or beneficiaries of any of the TRUST FUNDS, shall be either destroyed or returned to the source of those documents.

8. The following rules will apply to the handling of PROPRIETARY INFORMATION:

  a. Any PROPRIETARY INFORMATION produced or revealed in this lawsuit, will not be disclosed to anyone other than the parties,

493236v6

their counsel and staff, or any expert witness, witness, or other third party who has agreed to be bound by this Protective Order, except as required by government agencies, or by court order. CLTF will not cause the documents to be distributed to any third parties who are not part of or named in this lawsuit, except to fulfill their duties and obligations in administering the TRUST FUNDS, as well as any obligations to report or disclose information to government agencies, or other disclosures required by law.

b. Upon completion of this lawsuit, including any appeals or other litigation arising therefrom, any party or third party to whom the disclosure of PROPRIETARY INFORMATION has been made shall either destroy such PERSONAL or PROPRIETARY INFORMATION or return it to the party or third party who disclosed it.

9. All parties to this action reserve the right to dispute the characterization (or failure to characterize) any documents as PERSONAL or PROPRIETARY INFORMATION. In the event that there is a dispute over such characterization, the parties involved must strictly comply with Local Rules 37-1 and 37-2. In particular, parties shall immediately meet and confer and, if unable to settle their differences, will formulate a joint written stipulation and follow the procedures for resolving discovery disputes before the Magistrate, who is authorized to rule on such disputes.

10. This Protective Order is binding upon each of the parties to this action, counsel for each party to this action, and the respective staff, administrators, fiduciaries and co-fiduciaries, officers and managing agents of each. In the event that an expert witness, witness, or other third party needs to view or produce PERSONAL or PROPRIETARY INFORMATION for purposes of this lawsuit, such other person shall be given a copy of this Protective Order, and asked to agree, in writing to be

493236v6

bound by its terms.  Not until such expert witness, witness or other third party so agrees, will they be required or allowed access to such PERSONAL or PROPRIETARY INFORMATION.

11. The rules in this Protective Order are not binding on the Court and court personnel, as they are subject only to the court's internal procedures regarding the handing of material filed or lodged, including material filed or lodged under seal.

12. The protective order shall be without prejudice to the right of any party to seek a modification thereof. Any party seeking to modify or amend the protective order must strictly comply with Local Rules 37-1 and 37-2. The order shall survive the final termination of this action with regard to any documents produced pursuant to this Protective Order.

13. Nothing in this Protective Order shall be constructed as an authorization and/or encouragement for a party to disobey a lawful subpoena or court order issued in a separate action.

SO STIPULATED:

DATED: May 2, 2023      ALEXANDER B. CVITAN,
J. DAVID SACKMAN
MARSHA M. HAMASAKI, and
PETER A. HUTCHINSON
REICH, ADELL & CVITAN
A Professional Law Corporation

By:  /s/ J. David Sackman
     J. DAVID SACKMAN
   Attorneys for Plaintiff

Pursuant to L.R. 5-4.3.4(a)(2)(i), the above filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

(*Signatures continued on next page*)

493236v6

| | |
|---|---|
| 1 | (*Signatures, continued*) |
| 2 | DATED:  May 2, 2023         JOSEPH C. MCGOWAN, JR. |
| 3 |                                        RUBY ZAPIEN <br>                                        ROGERS JOSEPH O'DONNELL |
| 4 | |
| 5 |                          By:  /s/ Joseph C. McGowan, Jr. <br>                               JOSEPH C. MCGOWAN, JR. |
| 6 |                         Attorneys for Defendants D T S Enterprise, Inc., <br>                         aka D T S Concrete; and Leslie Dain Sorg |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

493236v6

ALEXANDER B. CVITAN (SBN 81746),
E-Mail: alc@rac-law.com
J. DAVID SACKMAN (SBN 106703)
E-Mail: jds@rac-law.com
MARSHA M. HAMASAKI (SBN 102720), and
E-Mail: marshah@rac-law.com
PETER A. HUTCHINSON (SBN 225399)
E-Mail: peterh@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
330 N. Brand Blvd., Suite 250
Glendale, CA 91203
Telephone: (213) 386-3860;  Facsimile: (2l3) 386-5583

Attorneys for Construction Laborers Trust Funds for
Southern California Administrative Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>D T S ENTERPRISE, INC., a California corporation also known as and doing business as D T S CONCRETE; LESLIE DAIN SORG, an individual; SURETEC INSURANCE COMPANY, a Texas corporation; QUALITY DEVELOPMENT AND CONSTRUCTION, INC., a California corporation; DOE 1 THROUGH DOE 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | CASE NO.: 5:22-cv-00867-JGB-KK<br><br>[PROPOSED]<br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>[Fed. R. Civ. P. 5.2 and 26(c)]<br><br>Discovery Cut-Off:<br>June 26, 2023<br><br>Pre-Trial Conference:<br>October 30, 2023<br><br>Trial Date:<br>November 14, 2023<br><br>[Hon. Kenly Kiya Kato] |

-1-

493602v1

1  WHEREFORE, Plaintiff, Construction Laborers Trust Funds for Southern
2  California Administrative Company, LLC and Defendant D T S Enterprise, Inc., have
3  stipulated in writing to protect certain personal and proprietary information from
4  improper disclosure; and
5  WHEREFORE the aforementioned stipulation is memorialized and attached
6  hereto as Exhibit "A" (the "Stipulation"); and
7  GOOD CAUSE APPEARING, the Stipulation is hereby approved, and entered
8  as an Order of the Court.
9
10  IT IS SO ORDERED.
11
12
13  DATED:
14  _____
    Hon. Kenly Kiya Kato
15  UNITED STATES MAGISTRATE JUDGE

493602v1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 330 North Brand Boulevard, Suite 250, Glendale, California 91203.

I served the foregoing document on **May 2, 2023,** described as: **STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER,** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Joseph McGowan<br>Ruby Zapien<br>**Rogers Joseph O'donnell**<br>311 California Street, 10th Floor<br>San Francisco, CA 94101 | Attorneys for Defendants,<br>D T S Enterprise, Inc. and<br>Leslie Dain Sorg |
| Warren Nelson, Esq.<br>**Fisher & Phillips LLP**<br>2050 Main Street, Suite 1000<br>Irvine, CA 92614 | Attorneys for Defendant,<br>Quality Development and Construction, Inc. |
| Robert C. Christenson, Esq.<br>**Fisher & Phillips, LLP**<br>1230 Peachtree Street NE, Suite 3300<br>Atlanta, GA 30309 | Attorneys for Defendant,<br>Quality Development and Construction, Inc. |

☒ **(BY MAIL):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC SERVICE):** I hereby certify that on **May 2, 2023,** I sent the above document listed by way of e-mail to the following:

| | |
|---|---|
| Joseph McGowan Email: jmcgowan@roj.com<br>Ruby Zapien E-mail: rzapien@rjo.com | Attorneys for Defendants,<br>D T S Enterprise, Inc. and<br>Leslie Dain Sorg |
| Christian J. Gascou<br>E-mail: cgascou@gascouhopkins.com<br>James C. Castle<br>E-mail: jcastle@gascouhopkins.com | Attorney for Defendant and<br>Cross-Complainant<br>Suretec Insurance Co. |

493836.1

1      Executed on **May 2, 2023,** at Glendale, California.

2    ☒    (Federal Court)  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Virginia Alvarez*
_____
Virginia Alvarez

493836.1