cc: FISCAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>D T S ENTERPRISE, INC., a California corporation also known as and doing business as D T S CONCRETE; LESLIE DAIN SORG, an individual; SURETEC INSURANCE COMPANY, a Texas corporation; QUALITY DEVELOPMENT AND CONSTRUCTION, INC., a California corporation; DOE 1 THROUGH DOE 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO.: 5:22-cv-00867-JGB-KK<br><br>**JUDGMENT BY STIPULATION AND ORDER FOR RELEASE OF FUNDS**<br><br>No Hearing Date |

Pursuant to the Settlement between the parties, and the Stipulation for Entry of Judgment filed, the Court approves the Stipulation, and enters JUDGMENT as follows:

JUDGMENT is therefore entered, as follows:

1. [JUDGMENT ON FIRST CLAIM] **Judgment is entered** on the First Claim for delinquent contributions to employee benefit plans, under 29 U.S.C. §§ 185(a), 1132(g)(2) and 1145, in FAVOR of Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company ("TRUST FUNDS"), and AGAINST Defendant D T S Enterprise, Inc., *dba* D T S Concrete ("EMPLOYER"), arising in the period through June 30, 2023, in the amount of **$675,000.00**, payable in installments as described below.

2. [JUDGMENT AND ORDER FOR RELEASE OF FUNDS ON SIXTH CLAIM] Pursuant to the Order Stipulated to By the Parties Granting Quality Developments and Construction Inc.'s Motion for Discharge of Stakeholder in Interpleader Action (Docket No. 85), Defendant Quality Development and Construction, Inc. ("Quality") was ordered to deposit with the Clerk of the Court the sum of $132,933.96 ("Interplead Funds") in an interest-bearing account. Quality did so, on September 6, 2023 (Docket No. 87), and was accordingly dismissed. Pursuant to the Settlement between the Parties, the **Clerk is Ordered to immediately release the Interplead Funds**, together with any interest accrued, payable to Plaintiff as "Construction Laborers Trust Funds." Such payment shall be credited against the Judgment against the EMPLOYER.

3. [DISMISSAL OF FOURTH CLAIM] The Fourth Claim is dismissed, without prejudice, and Defendant Leslie Dain Sorg ("OWNER") is dismissed from all claims, without prejudice, subject to the Tolling Agreement described below.

4.     [DISMISSAL OF REMAINING CLAIMS AND PARTIES].  Defendant Suretec Insurance Company and the Fifth Claim for Relief was previously dismissed on May 9, 2023 (Docket No. 65).  The Second and Third Claims are hereby DISMISSED as moot.  All other Cross-Complaints were dismissed on August 31, 2023 (Docket No. 86).  Therefore, no other claims remain to be adjudicated.

5.     [MONTHLY INSTALLMENTS] The Interplead Funds released to Plaintiff shall be credited against the Judgment against the EMPLOYER.  The remaining amount may be paid in monthly installments of $10,000.00 each, over a period of no more than five years, with interest on the declining balance at the rate of 4.64% per annum.  Interest shall accrue from March 1, 2024, with the first payment due no later than March 1, 2024, and each subsequent payment shall be due on the First (1st) of each month thereafter, until paid.  Any amounts recovered by the TRUST FUNDS from third parties, which relate to work performed in the period covered by this Settlement Agreement, i.e., through June 2023 ("Third-Party Payments"), as described in the Settlement Agreement, shall be credited against the Judgment, but shall not excuse any monthly installment payment, except as agreed in writing between the parties, as provided in the Settlement Agreement. There shall be no penalty for pre-payment, and interest shall be adjusted accordingly.

6.     [DEFAULT]  In the event any monthly installment is not paid on time, the TRUST FUNDS will give written notice in the manner described in the Settlement Agreement, and the EMPLOYER shall have ten (10) calendar days from the date of such notice to cure its default.  Notice shall be effective, and the ten (10) calendar days to cure shall commence on the date of mailing, email or other transmittal as specified in the Settlement Agreement.  If more than two (2) written notices are required in a twelve (12) month period, EMPLOYER will be required to pay a total of an additional Five Hundred Dollars and No Cents ($500.00) for the TRUST FUNDS'

attorneys' fees and costs for the written notices in order to maintain the payment plan, which may be added to this Judgment by appropriate proceedings. Where the giving of the notice called for in this paragraph would, in and of itself, be illegal, such notice is waived. "Default" shall be considered to have occurred on the day after the 10-day notice, if the required payment has not been made. Regardless of whether Default is cured, interest shall be calculated from the date(s) of actual payment.

7. [JUDGMENT AFTER DEFAULT] Upon Default in payments, as described above, the entire amount of the Judgment of $675,000.00, less payments and credits, plus interest on the declining balance at the rate of 4.64%, from March 1, 2024 to the date of Default, shall become due. Counsel for the Trust Funds shall file and serve a Notice, accompanied by a declaration establishing the Default, and an accounting of payments, credits and interest. No further action shall be required by the Court. Upon Default, and the filing and serving of this Notice, any stay of enforcement shall immediately terminate. However, if the act of giving such Notice may, in itself, be construed as a violation of law, then such Notice is waived, and the Judgment (with credits and interest as described above) shall remain the amount of the Judgment

8. [SATISFACTION OF JUDGMENT] No later than fifteen (15) days before the last payment by installments is due, the TRUST FUNDS shall send the EMPLOYER an accounting of the amount necessary to pay the balance of the Settlement Amount due, accounting for all payments, credits and interest to the date of the next payment due date. Upon receipt and successful negotiation of such final payment, the TRUST FUNDS shall promptly file an Acknowledgment of Satisfaction in Full with the Court, and also file or record such Acknowledgment of Satisfaction in Full, needed to release any liens which have been filed based on the Judgment.

9. [TOLLING AGREEMENT] The dismissal of the Fourth Claim for Relief shall be without prejudice, and shall not be considered towards an adjudication on the merits under Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure. All parties reserve their claims and defenses as to the Fourth Claim, and nothing herein shall be construed as a waiver or release of such claims and defenses. Any claims stated in the Fourth Claim for Relief are hereby tolled, as of the date this action was filed – May 24, 2022. This Tolling Agreement may be terminated, and the Fourth Claim for Relief may be re-asserted in an appropriate forum, only after 30 days' written notice, as provided in the Stipulation for Judgment. However, if the act of giving such notice may, in itself, be construed as a violation of law, then such notice is waived. Upon completion of the payments described above, and after the expiration of an additional ninety (90) days, the Tolling Agreement shall be considered void as moot, and any exceptions to the Releases described in the Settlement Agreement as to any claims which were, or could have been made, in the Fourth Claim for Relief, shall be void as well. The filing of the Acknowledgment of Satisfaction of Judgment described above shall operate as full release of all such claims, and a bar to any action upon them.

10. [STAY OF ENFORCEMENT] During the period of monthly payments, absent Default, there shall be a stay of enforcement of the Stipulated Judgment, except that the Trust Funds may file liens, including (but not limited to) a Judgment Lien with the California Secretary of State, or Lien(s) in any Pending Action or Proceeding of the EMPLOYER pursuant to Cal. Code Civ. P. § 708.410, *et. seq.*. Upon Default, any stay is lifted, and the TRUST FUNDS may pursue all available methods to enforce this Judgment.

/ / /

11. Except as stated expressly herein, each party is to bear their own fees and costs. In light of the dismissals of the other Claims for Relief, and the Court having determined that there is no just reason for delay under Fed. R. Civ. P. 54(b), this constitutes final entry of judgment.

IT IS SO ORDERED.

DATED: February 21, 2024

Hon. Jesus G. Bernal
United States District Judge